**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000527
10-AUG-2018
07:59 AM**

NO. CAAP-17-0000527

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MALISA COPPERFIELD, Plaintiff-Appellant,
v.
MICHAEL MCDONALD, M.D., Defendant-Appellee,
and
DOES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 15-1-0269(1))


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

This appeal arises out of a medical malpractice suit brought by Plaintiff-Appellant Malisa Copperfield (Copperfield) against her physician, Defendant-Appellee Michael McDonald, M.D. (Dr. McDonald). Copperfield appeals from the "Final Judgment," entered by the Circuit Court of the Second Circuit (circuit court)[1] on June 7, 2017, which granted Dr. McDonald's motion to dismiss Copperfield's complaint and denied Copperfield's subsequent motion for reconsideration.

On appeal, Copperfield contends that the circuit court committed reversible error when it:

(1) granted Dr. McDonald's motion to dismiss because a) Copperfield's complaint was not barred by the statute of limitations, and b) Dr. McDonald should have been judicially estopped from taking inconsistent positions regarding the

_____

[1] The Honorable Rhonda I. L. Loo presided.

applicable date on which the statute of limitations began to run; and

(2) denied Copperfield's motion for reconsideration of the circuit court's order granting Dr. McDonald's motion to dismiss.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we vacate and remand for further proceedings.

We first address Copperfield's assertion that the circuit court erred by granting Dr. McDonald's motion to dismiss because the complaint was not barred by the statute of limitations for medical malpractice actions, which provides that

> [n]o action for injury or death against a . . . . physician or surgeon, physical therapist, podiatrist, psychologist, or veterinarian duly licensed or registered under the laws of the State, or a licensed hospital as the employer of any such person, based upon such person's alleged professional negligence, or for rendering professional services without consent, or for error or omission in such person's practice, shall be brought more than two years after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, but in any event not more than six years after the date of the alleged act or omission causing the injury or death. This six-year time limitation shall be tolled for any period during which the person has failed to disclose any act, error, or omission upon which the action is based and which is known to the person.

Hawaii Revised Statutes (HRS) § 657-7.3 (emphasis added). Under HRS § 657-7.3, "a cause of action does not accrue, and the limitations period therefore does not begin to run, until the plaintiff knew or should have known of the defendant's negligence." Hays v. City and County of Honolulu, 81 Hawai'i 391, 393, 917 P.2d 718, 720 (1996) (citation and internal quotation marks omitted). Put another way, "the statute of limitations in effect [begins] to run the moment the plaintiff's cause of action accrues-that is, under HRS [§] 657-7.3, the moment plaintiff discovers or should have discovered the negligent act, the damage, and the causal connection between the former and the latter." Yamaguchi v. Queen's Med. Ctr., 65 Haw. 84, 90, 648 P.2d 689, 693-94 (1982) (citation omitted).

In granting Dr. McDonald's motion to dismiss, the

2

circuit court found that the statute of limitations began to run on May 1, 2012, the date Copperfield discovered that she was pregnant, because "[Copperfield] had knowledge of [Dr. McDonald's] allegedly negligent misdiagnosis on [this] date . . . ." Finding May 1, 2012 to be the date on which the statute of limitations began to run, the circuit court concluded that, as a matter of law, the statute of limitations had expired before Copperfield filed her complaint on May 20, 2015, and accordingly granted Dr. McDonald's motion to dismiss. On appeal, Copperfield argues that her complaint was filed timely within the statutory period imposed by HRS § 657-7.3 because the date upon which the statute of limitations began to run was not May 1, 2012, as found by the circuit court, but rather "long after" May 21, 2012, the date she gave birth."

In evaluating the propriety of the circuit court's determination of the date upon which the statute of limitations began to run and its consequent granting of the motion to dismiss, we first note that "a motion seeking dismissal of a complaint is transformed into a Hawaiʻi Rules of Civil Procedure (HRCP) Rule 56 motion for summary judgment when the circuit court considers matters outside the pleadings." Buscher v. Boning, 114 Hawaiʻi 202, 212, 159 P.3d 814, 824 (2007) (citing Au v. Au, 63 Haw. 210, 213, 626 P.2d 173, 176 (1981)). In the instant case, the circuit court articulated that it reviewed and considered matters outside the pleadings--the motion to dismiss, opposition, reply, and oral arguments--in rendering its decision to grant the motion to dismiss. Therefore, Dr. McDonald's motion to dismiss transformed into a motion for summary judgment, necessitating the circuit court to treat it as such.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." HRCP Rule 56(c). Because the statute of limitations trigger date is a material fact in the instant case, see Norris v. Six Flags Theme Parks, Inc., 102 Hawaiʻi 203, 206, 74 P.3d 26, 29 (2003) (holding that

3

the date upon which a statute of limitations is triggered is a question of fact), any genuine issue as to this date would preclude summary judgment. See Jacoby v. Kaiser Found. Hosp., 1 Haw. App. 519, 525-26, 622 P.2d 613, 617 (1981) (holding that factual issues concerning when the patient and her husband discovered, or through the use of reasonable diligence should have discovered, damage, violation of duty, and causal connection between violation of duty and damage precluded summary judgment against the patient and her husband).

In his motion to dismiss, Dr. McDonald argued that Copperfield's May 20, 2015 complaint was not filed within the two-year statute of limitations because i) the statute of limitations began to run "on or before May, 2012 when she discovered that she was pregnant [or] by May 21, 2012 at the very latest"; and ii) the statute of limitations period was not tolled for one year pursuant to HRS § 671-18.[2]  In Copperfield's memorandum in opposition to the motion, she argued that the statute of limitations period was in fact tolled for one year pursuant to HRS § 671-18, and therefore, her May 20, 2015 complaint was timely filed less than three years after the discovery of her claims.  In other words, Copperfield argued that the date she "discovered" her claims--and thus, the date the statute of limitations began to run on her claims--was on or after May 20, 2012.  In Dr. McDonald's subsequent reply

---

[2] HRS § 671-18 provides:

> § 671-18 Statute of limitations tolled.  The filing of the inquiry with the medical inquiry and conciliation panel or with an approved or agreed upon alternative dispute resolution provider shall toll any applicable statute of limitations, and the statute of limitations shall remain tolled until sixty days after the termination of the panel or the notification of completion from the approved or agreed upon alternative dispute resolution provider is mailed or delivered to the parties. If panel proceedings are not completed within twelve months, or the alternative dispute resolution process is not completed within twelve months, the statute of limitations shall resume running and the party filing the inquiry may commence a suit based on the circumstances related to the inquiry in any appropriate court of this State. The panel or the approved or agreed upon alternative dispute resolution provider shall notify all parties in writing of this provision.

(Emphasis added.)

memorandum, he conceded that the statute of limitations period was tolled for one year pursuant to HRS § 671-18, but argued that the statutory period instead began on May 1, 2012--the date Copperfield discovered she was pregnant--and therefore, the May 20, 2015 complaint was not timely filed within three years of the statute of limitations trigger date. However, there is a genuine issue of material fact as to when Copperfield discovered or should have discovered Dr. McDonald's alleged negligent act, the damage Copperfield allegedly incurred, and the causal connection between the former and the latter, because whether Copperfield discovered or should have discovered the foregoing in conjunction with the May 21, 2012 birth of her child, as opposed to May 1, 2012, when she learned she was pregnant, is a question of fact. See Jacoby, 1 Haw. App. at 527, 622 P.2d at 618.

Accordingly, we conclude that the motion and its subsequent opposition and reply memoranda show a genuine issue as to the date upon which the statute of limitations began to run. Therefore, summary judgment was inappropriate, and the circuit court erred in granting Dr. McDonald's motion.

Based on the foregoing, we vacate the "Final Judgment," entered by the circuit court on June 7, 2017, and remand the case for further proceedings consistent with this Summary Disposition Order.[3]

DATED: Honolulu, Hawai'i, August 10, 2018.

On the briefs:

Anthony L. Ranken,
(Anthony Ranken & Associates),
for Plaintiff-Appellant.

Kelvin H. Kaneshiro,
and Kristi L. Arakaki,
(O'Connor Playdon Guben &
Inouye LLP),
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[3] Because we are vacating and remanding the case based on Copperfield's first point of error, we need not address her remaining points of error.